# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Action No. 4;12-CR-167 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **GILBERTO LANZOT, JR.** | : | |

## ORDER

AND NOW, this 23rd day of April, 2012, upon consideration of the motion to sever (Doc. 124) filed by defendant Gilberto Lanzot, Jr., in which Lanzot argues that the counts alleged in the indictment against him were misjoined with that of his codefendants under Federal Rule of Criminal Procedure 8(b),[1] or in the alternative,

---

[1] Rule 8(b) provides:

The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

The Third Circuit has stated that "as long as the crimes charged are allegedly a single series of acts or transactions, separate trials are not required." United States v. Eufrasio, 935 F.2d 553, 567 (3d Cir. 1991). Joinder of a conspiracy count with substantive offenses is appropriate because "the claim of conspiracy provides a common link, and demonstrates the existence off a common scheme or plan." Id. (quoting United States v. Somers, 496 F.2d 723, 729-30 (3d Cir. 1974)) (emphasis omitted); see also United States v. Lane, 474 U.S. 438, 447 (1986) (joinder under Rule 8 proper when the indictment "charge[s] all the defendants with one overall count of conspiracy"); United States v. Price, 13 F.3d 711, 718 (3d Cir. 1994) (holding that allegation that the defendants participated in a single "overarching drug conspiracy" was "sufficient basis for joining these defendants in a single trial").

Lanzot and his codefendants Renard Durant and Shelton Cochrane II are charged in Count I of the superseding indictment with conspiracy to distribute controlled substances. (Doc. 107). The conspiracy count encompasses both substantive drug transactions (for which Lanzot has not been charged) and firearms

that severance is appropriate under Rule 14 to avoid unfair prejudice,[2] it is hereby

---

offenses (for which he has been charged) as manner and means in furtherance of the conspiracy. (See id. at 4-6). The government argues that the drug and firearms transactions facilitated, furthered, and funded the drug distribution conspiracy, establishing a transactional nexus between the conspiracy and firearms counts alleged against Lanzot, and the substantive drug distribution counts alleged against Cochrane and Durant. (See Doc. 129 at 11). The court agrees.

Rule 8 expressly provides that all defendants need not be charged in each count for joinder to be proper, and the Third Circuit has further stated that Rule 8(b) allows joinder "even when different defendants are charged with different acts," provided that the acts charged are actions taken in furtherance of a conspiracy. Euphrasio, 935 F.2d at 567. Counts IX and X charge Lanzot with possession of a firearm with an obliterated serial number and unlawful dealing in firearms, respectively, both of which are alleged to be acts undertaken in furtherance of the drug conspiracy alleged in Count I. It is of no moment that Lanzot was not charged with the substantive drug distribution offenses alleged in Counts II through VIII. Joinder is therefore proper under Rule 8(b).

[2] Even if joinder is proper under Rule 8, a district court "may" order separate trials for joined defendants "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants." FED. R. CRIM. P. 14(a). The defendant seeking severance bears the burden of showing the existence of prejudice. Euphrasio, 935 F.2d at 568. The decision whether to grant a motion for severance is committed to the sound discretion of the district court, and should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Lore, 430 F.3d 190, 205 (3d Cir. 2005) (internal citation and quotations omitted); see also Zafiro v. United States, 506 U.S. 534, 539 (1993)). Lanzot bears a "heavy burden" to establish prejudice. Lore, 430 F.3d at 205.

Lanzot argues that, because he has not been charged in the substantive drug distribution counts, the jury will hear "significant amounts of information" about drug transactions that Lanzot is not alleged to have participated in. (Doc. 125 at 10). He also argues that the government seeks to introduce evidence of gang affiliation found in the homes of Lanzot's codefendants, which will subject him to unfair prejudice. With respect to the latter point, the admissibility of the government's proffered gang affiliation evidence is the subject of a pending motion in limine, which the court will address by separate order.

Severance under Rule 14 is inappropriate in the instant matter. The crux of Lanzot's argument is that a substantial amount of evidence that will be introduced at trial will be related to the drug transactions, of which he is not accused. However, the Third Circuit has made clear that "a defendant is not entitled to a severance merely because evidence against a co-defendant is more damaging than

ORDERED that the motion to sever (Doc. 124) is DENIED.

                                                S/ Christopher C. Conner
                                             CHRISTOPHER C. CONNER
                                             United States District Judge

---

the evidence against the moving party." Lore, 430 F.3d at 205 (quoting United States v. Somers, 496 F.2d 723, 730 (3d Cir. 1974)). The relevant inquiry is whether the jury will be able to "compartmentalize" the evidence with respect to the different defendants and counts. Id. Beyond his bare assertions to the contrary, Lanzot has not shown that a jury will be unable to compartmentalize the conspiracy and firearms offenses against Lanzot, and the conspiracy and substantive drug offenses against his codefendants. See Richardson v. Marsh, 481 U.S. 200, 211 (1987) (noting that "juries are presumed to follow their instructions"). Counts II through VIII allege drug transactions occurring on specific dates, which will be easily compartmentalized by the jury. Combined with appropriate limiting instructions, the risk of prejudicial spillover is minimized. See, e.g., Zafiro, 506 U.S. at 540-41 (recognizing that appropriate instructions regarding separate consideration of the evidence as to each individual defendant were sufficient to "cure any possibility of prejudice"). The court notes that this rationale applies with equal force to the government's gang affiliation evidence, which will be reviewed and addressed by separate order.